IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BESSIE HARDY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 11 C 7446 |
| | ) |
| OAK FOREST HOSPITAL OF | ) |
| COOK COUNTY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Oak Forest Hospital of Cook County's (Oak Forest Hospital) motion to dismiss. For the reasons stated below, the motion to dismiss is granted.

## BACKGROUND

Plaintiff Bessie Hardy (Hardy) alleges in her *pro se* complaint that she was employed by Oak Forest Hospital, and that in November 2003, she was promoted to the position of Nurse Manager at NSI Step III. Hardy also alleges that in June 2004, Oak Forest Hospital hired a non-black Nurse Manager who was less qualified than Hardy at NSI Step IV, which pays a higher salary. Hardy alleges that she was

1

subjected to a wage disparity based on her race. On February 28, 2009, Hardy filed a charge with the Equal Employment Opportunity Commission (EEOC), and on July 21, 2011, Hardy received a right to sue letter. Hardy includes in her complaint a claim brought against Oak Forest Hospital alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e *et seq.*, and a claim brought against Oak Forest Hospital pursuant to the Equal Pay Act of 1963 (Equal Pay Act), 29 U.S.C. § 201 *et seq.* Oak Forest Hospital has moved to dismiss the claims.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive

a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted).

## DISCUSSION

Oak Forest Hospital argues that the claims brought against it must be dismissed because it is not a suable entity. Oak Forest Hospital also argues that the Equal Pay Act claim is untimely.

I. Oak Forest Hospital as a Defendant

Oak Forest Hospital argues that the instant action should be dismissed because Oak Forest Hospital is a non-suable entity. Hardy has named Oak Forest Hospital as the only Defendant in the case. Oak Forest Hospital "is not subject to suit because it is owned and operated by the County, and is not itself a legal entity." *Richardson v. County of Cook*, 621 N.E.2d 114, 117 (Ill. App. Ct. 1993); *see also Khan v. Cook County Dept. of Highways*, 1994 WL 523703, at *2 (N.D. Ill. 1994)(stating that "[s]ubdivisions of Illinois counties, such as county hospitals, . . . are generally not considered to be separate legal entities, and therefore cannot be sued")(citations omitted). Hardy has failed to address Oak Forest Hospital's argument that it is not a

suable entity in her response to the motion to dismiss. Since Oak Forest Hospital is not a suable entity, the motion to dismiss the instant action is granted.

II. Equal Pay Act Claim

Oak Forest Hospital also argues that the Equal Pay Act claim is untimely. Although the court need not address this argument, since it has granted the motion to dismiss on other grounds, the court notes that Hardy has not alleged any facts suggesting that she received unequal pay on the basis of her sex. Hardy instead alleges that she received unequal pay on the basis of her race. A race-based claim is not cognizable under the Equal Pay Act. *See Snider v. Belvidere Tp.*, 216 F.3d 616, 619 (7th Cir. 2000)(stating that "[t]he Equal Pay Act prohibits sex-based wage discrimination"); *see also* 29 U.S.C. § 206(d)(1)(stating that "[n]o employer having employees subject to any provisions of this section shall discriminate . . . between employees on the basis of sex by paying wages to employees . . . at a rate less than the rate at which he pays wages to employees of the opposite sex . . ."). Therefore, even if Oak Forest Hospital was a suable entity, Hardy has failed to state a claim for relief under the Equal Pay Act, and the court need not address the timeliness of such a claim.

## CONCLUSION

Based on the foregoing analysis, the motion to dismiss if granted.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: August 6, 2012